958 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
ANDERSON'S RESTAURANT OF CHARLOTTE, INC., Defendant-Appellee.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
ANDERSON'S RESTAURANT OF CHARLOTTE, INC., Defendant-Appellant.
 Nos. 90-2119, 90-2120.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1991.
Decided March 24, 1992.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CA-86-2-C-C-P)
 Argued: Estelle Diane Franklin, Equal Employment Opportunity Commission, Washington, D.C., for appellant; Philip Marshall Van Hoy, Van Hoy & Reutlinger, Charlotte, N.C., for appellee.
 On Brief: Donald R. Livingston, Acting General Counsel, Gwendolyn Young Reams, Associate General Counsel, Lorraine C. Davis, Assistant General Counsel, Carolyn L. Wheeler, Equal Employment Opportunity Commission, Washington, D.C., for appellant.
 W.D.N.C. [APPEAL AFTER REMAND FROM 872 F.2D 417].
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal arises from the district court's award of $4,922.33 in attorney's fees to Anderson's Restaurant in an employment discrimination action brought by the Equal Employment Opportunity Commission (Commission) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The Commission argues that the district court erred in awarding any fees to the defendant. Anderson's Restaurant, on its cross appeal, contends that the district court improperly denied its request for additional attorney's fees. For the reasons set forth below, we are unpersuaded by the arguments of both parties and affirm the judgment of the district court.
 
 
 2
 In January 1986, the Commission instituted a Title VII action against Anderson's Restaurant on the basis of an alleged pattern and practice of refusing to hire blacks as waitresses or cashiers. The Commission sought both general injunctive relief and individual relief involving hiring and back pay for seven claimants. After a bench trial, the district court found that Anderson's Restaurant had indeed engaged in a pattern and practice of racial discrimination. E.E.O.C. v. Anderson's Restaurant, 666 F.Supp. 821, 842 (W.D.N.C.1987). The court enjoined Anderson's Restaurant from engaging in such discrimination and directed it to provide equal employment opportunities for black applicants. 666 F.Supp. at 847. The Commission's requests for individual relief, on the other hand, were denied by the district court on the grounds that the named individuals had either not applied for jobs at Anderson's Restaurant or had less experience at the position sought than the applicant who was hired. 666 F.Supp. at 843-46.
 
 
 3
 On appeal, the district court's finding of a pattern and practice of discrimination and its order of general injunctive relief were upheld. E.E.O.C. v. Anderson's Restaurant, Nos. 87-3154, 87-3161 (4th Cir. March 24, 1989). With regard to the individual claims, the Commission on appeal argued for the first time that there was more than one vacancy at the cashier position during the relevant period. If true, this fact would have been relevant to two of the individual claims for relief. It was accordingly decided that the case be remanded to the district court in order to determine the number of vacancies.
 
 
 4
 On remand, the Commission engaged in discovery related to its claim that more than one cashier vacancy existed during the pertinent period. It thereafter filed a motion to dismiss with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2), the claims for individual relief that were the subject of the remand order. In this motion, the Commission conceded that there was no "present basis" for these claims. The district court granted the motion to dismiss on January 31, 1990. It also awarded Anderson's Restaurant the amount of $4,922.33, an award that essentially represented expenses, costs and fees incurred after the case was remanded to the district court. The parties subsequently filed motions to alter or amend the judgment. Anderson's Restaurant requested that the award be increased by $12,250.35 and the Commission asked that the district court reconsider its prior fee award. The court denied the motions of both parties and this appeal followed.
 
 
 5
 Under 42 U.S.C. § 2000e-5(k), it lies within the discretion of a district court to award attorney's fees to a prevailing party in a Title VII case. Such an award may be given to a prevailing defendant if the court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" or that "the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421-22 (1978). The determination of the district court should not be overturned "unless under all the facts and circumstances it is clearly wrong." Arnold v. Burger King Corp., 719 F.2d 63, 67 (4th Cir.1983), cert. denied, 469 U.S. 826 (1984) (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978)).
 
 
 6
 In the present case, the fee award was based on the district court's finding that "Plaintiff's position causing the remand to this Court was without merit and factual foundation." In particular, the court noted that the Commission had raised its argument concerning the existence of more than one cashier vacancy for the first time while the case was on appeal. It further recognized that after the remand was obtained on the basis of this claim, the Commission conducted discovery and concluded that it had no basis for seeking relief. The district court found that "[i]f Plaintiff had pursued this same discovery during the initial discovery phase of this litigation," it would have found that its position was without evidentiary basis and no remand would have been required. Instead, the Commission chose to assert its position for the first time on appeal, acquire a remand on the issue, and only then conduct discovery and find that its claim was groundless.
 
 
 7
 Based upon these findings, the district court allowed Anderson's Restaurant to recover $4,922.33 in attorney's fees, costs, and expenses. The Commission now attacks this award by arguing that Anderson's Restaurant was not the prevailing party and that, in any event, the district court incorrectly applied the standards for awarding fees to a prevailing defendant under Title VII. In response to these arguments, we agree with the district court's finding that, annunciated by the Commission's motion to dismiss, the defendant was the prevailing party with respect to the remand proceedings. Despite the Commission's contention to the contrary, we do not believe that the mere fact that the Commission initially obtains a portion of its requested relief invariably protects it from having fees assessed against it if, in a later stage of the litigation, it chooses to pursue a course so utterly without merit as the one at hand. In addition, we believe that the district court properly applied the relevant standards concerning fee awards to defendants in finding that the Commission had brought and pursued a baseless claim. We are therefore of opinion that the fee award to Anderson's Restaurant was not an abuse of the district court's discretion. See Glymph v. Spartanburg Gen. Hosp., 783 F.2d 476, 479 (4th Cir.1986).
 
 
 8
 Similarly, we find no error in the denial of the defendant's request for additional attorney's fees in the amount of $12,250.35. In denying this request, the court stated that "such an award would be unjust and unreasonably excessive." It found that a portion of the fees had resulted from the defendant's extensive and excessive discovery on remand, and that other fees had been produced by unwarranted activity in response to the Commission's motion to dismiss. The amount of a fee award is peculiarly "within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered." Barber, 577 F.2d at 226. On the record before us, we find nothing to warrant disturbing the district court's judgment concerning the defendant's request for additional fees.
 
 
 9
 Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.